**JACKSONWHITE**
ATTORNEYS AT LAW
*A Professional Corporation*

40 North Center Street, Suite 200
Mesa, Arizona 85201
T: (480) 464-1111 F: (480) 464-5692
Email: centraldocket@jacksonwhitelaw.com
Attorneys for Debtor Royan, Inc.
By: Kelly G. Black

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | No. 2:11-bk-19813-GBN |
| Royan, Inc., | Proceedings under Chapter 11 |
| Debtor. | **Order Confirming Plan of Reorganization** |
| | Assigned to: Honorable George B. Nielsen, Jr. |

The Court having reviewed the Chapter 11 Plan of Reorganization (Doc 100) filed by Royan, Inc. ("Debtor"), together with its Declaration in Support of Confirmation (Doc 127), and having considered any evidence and argument at the continued confirmation hearing, makes the findings and orders below.

**I.     Section 1129 Findings**

1.     The Plan of Reorganization complies with the applicable provisions of Title 11, satisfying the requirements of Section 1129(a)(1).

2.     Debtors have complied with the applicable provisions of Title 11, satisfying the requirements of Section 1129(a)(2).

3.     Debtors proposed the Plan in good faith, satisfying the requirements of Section 1129(a)(3).

4.     The Plan meets the requirements of Section 1129(a)(4), requiring court approval for payments to professionals.

5.     Debtor has disclosed the Debtors' post-confirmation management in compliance with Section 1129(a)(5).

Page 1

Case 2:11-bk-19813-GBN    Doc 136    Filed 11/16/12    Entered 11/19/12 11:06:21    Desc
Main Document - Chapter 11 Plan    Page 1 of 5

6. The provisions of Section 1129(a)(6) are not applicable in this case.

7. The requirements of Section 1129(a)(7) are satisfied with respect to each class.

8. The requirements of Section 1129(a)(8) are satisfied with respect to each class.

9. The Plan satisfies the requirements of Section 1129(a)(9).

10. The requirements of Section 1129(a)(8) are satisfied with respect to each class. The plan was initially rejected by two classes (Classes 2 and 4), each of which subsequently accepted the Plan.

11. The Court finds that the Plan is feasible and can actually be implemented as proposed, and that any further liquidation or reorganization that may be required is provided for in the Plan, in satisfaction of the requirements of Section 1129(a)(11).

12. In compliance with Section 1129(a)(12), the provides that any U.S. Trustee Fees owed on or before the effective date of the Plan will be paid on or before the effective date.

13. Section 1129(a)(13) is not applicable to this case.

14. Section 1129(a)(14) is not applicable because Debtor is not subject to a domestic support obligation.

15. Section 1129(a)(14) is not applicable because Debtor is not an individual.

16. As Debtor is not a nonprofit entity, Section 1129(a)(16) is not applicable to this case.

17. As detailed above, all of the requirements of Section 1129(a) have been met, including paragraph (8).

18. Debtors have requested confirmation pursuant to Section 1129(a).

## II. Orders

IT IS THEREFORE ORDERED confirming the Chapter 11 Plan of Reorganization (Doc 100) filed by Debtor, as amended herein;

IT IS FURTHER ORDERED that this court shall retain jurisdiction over this case to enforce this Order Confirming Plan of Reorganization and as more fully set forth in the Plan provisions dealing with the retention of jurisdiction;

Page 2

Case 2:11-bk-19813-GBN    Doc 136    Filed 11/16/12    Entered 11/19/12 11:06:21    Desc
Main Document - Chapter 11 Plan    Page 2 of 5

IT IS FURTHER ORDERED that this Order Confirming Plan of Reorganization shall operate as an injunction against the commencement or continuation of any action, the employment of process, or commencement of any act, to collect, recover, or offset any such debt as a liability of the debtor, or from property of the debtor, except as provided in the Plan;

IT IS FURTHER ORDERED that any claims for professional fees incurred before confirmation, any other administrative claims, and any other timely claims not previously filed, scheduled or determined, shall be barred if not filed within thirty days after entry of this order.

IT IS FURTHER ORDERED approving the Stipulation Resolving Objection to Confirmation (Doc 124), and incorporating into the Plan (Doc 100) the terms of the Stipulation, set forth below:

1. The following shall be added as Paragraph 2.4 of the Plan:

2.4 *Contributions by Mohsen Nassirian*. On or before the effective date, Debtor shall secure an Agreement executed by Mohsen Nassirian individually promising to fund the payments required by Plan ¶ 4.3, to the extent that funding under ¶¶ 2.1 to 2.3 is not sufficient to satisfy the claims allowed under Plan ¶ 4.3.

2. Paragraph 3.1.7 of the Plan shall be amended to read as follows:

3.1.7 The claim of the Arizona Department of Revenue, identified below, shall be (a) allowed as a secured claim under Plan ¶ 4.2 in the amount of $10,000.00; (b) allowed as a priority claim under Plan ¶ 4.3 in the amount of $39,177.33; and (c) allowed as an unsecured claim under Plan ¶ 4.4 in the amount of $41,170.02.

| Creditor | Docket & PageNo | Claim No |
|---|---|---|
| Arizona Department of Revenue<br>PO Box 29070<br>Phoenix, AZ 85038<br><br>Office of the Arizona Attorney General<br>c/o Tax, Bankruptcy and Collection Section<br>1275 West Washington Avenue<br>Phoenix, AZ 85007<br><br>April J. Villarreal Theis<br>april.theis@azag.gov | Doc 16, p. 10 | 1 |

3. Paragraph 4.2 of the Plan shall be amended to read as follows:

4.2 **Class 2.** The claim of the Arizona Department of Revenue, to the extent allowed as a secured claim under § 506 of the Code.

Page 3

Case 2:11-bk-19813-GBN    Doc 136    Filed 11/16/12    Entered 11/19/12 11:06:21    Desc
Main Document - Chapter 11 Plan    Page 3 of 5

The holder of a claim allowed within this class will be paid $10,000.00 on the effective date, and the secured claim will be satisfied by that payment.

4. Paragraph 4.3 of the Plan shall be amended to read as follows:

4.3 **Unsecured Priority Group 3**. *Priority Tax Claims*. Each unsecured tax claim of a governmental unit, to the extent allowed with priority under § 507(a)(8).

The holder of a claim allowed within this group will be paid a pro rata share of the proceeds, remaining after satisfaction of the above classes, of liquidation and claims under Plan ¶¶ 2.1 to 2.3, until paid in full. Any remaining balance shall paid in minimum monthly pro rata payments of $850.00 beginning on the first anniversary of the effective date and continuing each month thereafter through July 11, 2016, at which time the entire unpaid balance shall be paid in full. Interest at the annual rate of 3.75% will accrue on the unpaid balance from the effective date, and all payments will be applied first to the unpaid tax liability and then to any interest or penalties.

5. Debtor has reported proceeds of its sale to DWG Enterprises, LLC in the amount $39,945.14, and the deposit of those proceeds to the debtor-in-possession account. Those proceeds shall be disbursed in the following order:

    a. $10,000.00 to satisfy ADOR's secured claim under Plan ¶ 4.2;

    b. An additional sum to satisfy post-petition business expenses allowable as administrative expenses allowable under 11 U.S.C. § 503(b)(1) to be paid under Plan ¶ 4.1.2, which are currently estimated in the sum of $10,032.27. The holders of these claims need not file proofs of claim, but if the final sum exceeds $11,000.00, Debtor shall identify each claimant and the amount of each claim in a notice of the intended distribution under Rule 6004(a).

    c. Payment of and reserves for quarterly fees to the United States Trustee.

    d. Payment of other administrative expense claims which may be allowed under Plan ¶ 4.1.

    e. Payment of the priority claims of ADOR and the City of Scottsdale on a *pro rata* basis under Plan ¶ 4.3.

    f. Payment of allowed unsecured non-priority claims under Plan ¶ 4.4.

6. The proceeds of any claims which Debtor recovers from Merchant Capital Access, Arizona Public Service, or The Sygma Network shall also be deposited to the debtor-in-possession account and disbursed as provided in the previous paragraph.

Page 4

Case 2:11-bk-19813-GBN  Doc 136  Filed 11/16/12  Entered 11/19/12 11:06:21  Desc
Main Document - Chapter 11 Plan  Page 4 of 5

7. This order is without prejudice to further negotiations between Mohsen Nassirian and the holder of a claim allowed under Plan ¶ 4.3.

8. Payment in full of ADOR's allowed secured claim and of its allowed priority claim will satisfy in full all obligations of Debtor or Mohsen Nassirian in connection with ADOR's claims. ADOR will take no action to assess or bring suit against any person while payments are being made hereunder.

9. ADOR's acceptance of the plan of reorganization with respect to classes 2 and 4, and its withdrawal of its objection to confirmation, are approved.

SIGNED AND DATED ABOVE.

Page 5

Case 2:11-bk-19813-GBN    Doc 136    Filed 11/16/12    Entered 11/19/12 11:06:21    Desc
Main Document - Chapter 11 Plan    Page 5 of 5